FILED
United States Court of Appeals
Tenth Circuit

April 21, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SHERRI R. BARRETT,

     Plaintiff-Appellant,

v.

UNIVERSITY OF NEW MEXICO
BOARD OF REGENTS; JACK L.
FORTNER, in his official capacity;
DON L. CHALMERS, in his official
capacity; CAROLYN J. ABEITA, in her
official capacity; J.E. GALLEGOS, in his
official capacity; JAMES H. KOCH,
in his official capacity; BRADLEY C.
HOSMER, in his official capacity;
JACOB P. WELLMAN, in his official
capacity,

     Defendants-Appellees.

No. 13-2139
(D.C. No. 1:12-CV-00574-JAP-RHS)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **PORFILIO**, Senior Circuit Judge, and **O'BRIEN**,
Circuit Judge.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Sherri R. Barrett appeals from a judgment on the pleadings entered pursuant to Fed. R. Civ. P. 12(c). She also attempts to appeal from an interim order denying the parties' stipulation for confidential discovery.[1] We affirm.

## I. BACKGROUND

Barrett was employed by the University of New Mexico (UNM) until November 2010, when she was discharged. She sued the UNM Board of Regents (Board) and its individual members, in their official capacities, alleging violations of the Americans with Disabilities Act (ADA). She claimed she was denied raises and promotions, subjected to additional scrutiny, retaliated against, and discharged under the guise of a reduction in force due to her disabilities. Since the Board is immune from suit under the Eleventh Amendment, the district court entered a judgment on the pleadings as to it. Finding Barrett's allegations insufficient to satisfy an exception to Eleventh Amendment immunity, judgment was also entered in favor of the individual board members. The judge concluded Barrett's attempt to amend her complaint would be futile and denied as moot her challenge to a magistrate judge's order denying a stipulated confidential discovery motion. In this appeal she challenges all of those decisions.

---

[1]     Our jurisdiction derives from 28 U.S.C. § 1291.

## II. DISCUSSION

We review the district court's Rule 12(c) dismissal under the same standard applicable to Rule 12(b)(6). *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223 (10th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[M]ere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (internal quotation marks omitted). We also review de novo the application of Eleventh Amendment immunity. *See Chamber of Commerce of U.S. v. Edmondson*, 594 F.3d 742, 760 (10th Cir. 2010).

### A. Eleventh Amendment Immunity

The Board is an arm of the State of New Mexico. *See* N.M. Const. Art. 12, §§ 3 & 11 (providing UNM, as a state university, is under the exclusive control of the State); N.M. Stat. Ann. § 21-7-3 (1978) (stating the Board has control over "[t]he management and control of [UNM]"). Accordingly, it is immune from Barrett's suit under the Eleventh Amendment, as are its members sued in their official capacities. *See Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 494 n.3 (10th Cir. 1998)

(UNM and its Regents "are arms of the state, entitled to Eleventh Amendment immunity" (internal quotation marks omitted) (collecting cases)).

Barrett claims to be entitled to the prospective equitable relief of reinstatement, leaving her claim viable against the individual Board members pursuant to *Ex parte Young*, 209 U.S. 123 (1908). That case recognizes an exception to Eleventh Amendment immunity for suits brought "against a state officer in his official capacity seeking only prospective relief." *See Edmondson*, 594 F.3d at 760. The exception is very narrow, however, applying only to prospective relief and requiring an ongoing violation of federal law. *Buchwald*, 159 F.3d at 495. A plaintiff must adequately allege the individual official's duty to enforce the statute in question and a demonstrated willingness to do so. *Edmondson*, 594 F.3d at 760. Barrett's general allegations of responsibility to enforce the ADA are insufficient because individual Board members are not empowered to act individually, but must act as "a body corporate." N.M. Stat. Ann. § 21-7-4 (1978). Barrett cannot demonstrate an exception to Eleventh Amendment immunity, even assuming she can show violation of the ADA.

**B. Amendment of Complaint**

Barrett faults the district judge for not allowing her to plead additional facts or name additional defendants, even though he mentioned, at a pre-trial conference, the possibility of former supervisors being appropriate defendants. "[Barrett] did not file a written motion for leave to amend; instead, in her opposition to the motion to

dismiss, she merely suggested she should be allowed to amend if the court concluded her pleadings were infirm. This is insufficient." *Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010). A formal motion to amend, accompanied by a proposed amended complaint, gives the judge an opportunity to consider whether the new complaint can pass muster. A less disciplined approach wastes time and effort.

## C. Discovery Order

Barrett's challenge to the order refusing to honor the parties' stipulation for the confidential exchange of personnel information has no traction. She wanted discovery in order to determine whether she might be able to lodge a complaint against her former supervisor or otherwise bolster her complaint. Since the use of such protective orders is favored, she argues the denial was error.

Given the dismissal of the case, the judge decided the discovery motion was moot. Barrett's only argument on the issue is her claim of perhaps being able to discover evidence sufficient to amend her complaint. But, as things stand, that is merely a fishing expedition.

AFFIRMED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

- 5 -