**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-2283**

LAURA LYNN MARTIN,

       Plaintiff - Appellee,

    v.

JACK LEE WOOD; MILAGROS ALCALA JONES,

       Defendants – Appellants,

    and

COMMONWEALTH OF VIRGINIA; COMMONWEALTH OF VIRGINIA
DEPARTMENT OF BEHAVIORAL HEALTH AND DEVELOPMENTAL SERVICES;
EASTERN STATE HOSPITAL,

       Defendants.

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.  Arenda L. Wright Allen,
District Judge.  (4:13-cv-00018-AWA-LRL)

Argued:  September 17, 2014     Decided:  November 18, 2014

Before NIEMEYER, DUNCAN, and THACKER, Circuit Judges.

Reversed and remanded with instructions by published opinion.
Judge Niemeyer wrote the opinion, in which Judge Duncan and
Judge Thacker joined.

**ARGUED:** Sydney Edmund Rab, OFFICE OF THE ATTORNEY GENERAL OF
VIRGINIA, Richmond, Virginia, for Appellants.  Raymond Lee

Hogge, Jr., HOGGE LAW, Norfolk, Virginia, for Appellee. **ON BRIEF:** Kenneth Thomas Cuccinelli, II, Attorney General, Earle Duncan Getchall, Jr., Solicitor General, Wesley Glenn Russell, Jr., Deputy Attorney General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellants. Kenneth Michael Golski, HOGGE LAW, Norfolk, Virginia, for Appellee.

———————————

NIEMEYER, Circuit Judge:

Laura Martin, a registered nurse formerly employed by a state-operated hospital in Williamsburg, Virginia, commenced this damages action against two supervisors at the hospital, alleging that the supervisors improperly refused to authorize overtime pay for the hours that she worked in excess of 40 hours per week, in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-219. The supervisors filed a motion to dismiss the complaint, claiming sovereign immunity. They contend that their conduct, as alleged, involved their official duties on behalf of the hospital, such that the complaint was, in reality, directed against the hospital, which has sovereign immunity. The district court, however, denied the motion, relying on Martin's assertion in her complaint that she was suing the supervisors in their individual capacities.

Because the actions of Martin's supervisors, as alleged in the complaint, were inextricably tied to their official duties, we conclude that the Commonwealth of Virginia is the real party in interest in this action. Since the Eleventh Amendment has withdrawn jurisdiction over suits of this nature against the States, effectively giving the Commonwealth immunity, we reverse and remand with instructions to dismiss the complaint.

In her complaint, Martin alleges that from November 2010 until January 2012 she was employed as a registered nurse by Eastern State Hospital and that the Hospital paid her wages on an hourly basis. Because of transitional duties during shift changes at the Hospital, Martin claims that she often began performing her duties 20 minutes or more before her shift started and continued working 30 to 90 minutes after her shift ended. She also alleges that she often worked through her 30-minute lunch break. Even though this often resulted in her working more than 40 hours per week, Martin alleges that she was compensated for only 40 hours, in violation of the overtime provision of the FLSA, 29 U.S.C. § 207(a)(1).

Martin further alleges that, when she complained to Milagros Jones, the registered nurse coordinator for the unit in which Martin worked, about not being paid overtime, Jones refused to take action, attributing Martin's extra time to "inefficiency." Martin also asserts that Jack Wood, the chief executive officer and director of the Hospital, "willfully and deliberately refused to correct" the failure to pay her overtime. The complaint notes, however, that this allegation was "[b]ased upon circumstantial evidence including but not necessarily limited to the job duties and responsibilities of Wood." The complaint, which named only Wood and Jones as

defendants, asserts that in failing to authorize overtime pay to Martin, Wood and Jones "acted directly and indirectly in the interest of Eastern State Hospital in relation to the hours of work and payment of wages to Eastern State Hospital employees including Martin." It demands damages from them in their individual capacities in the form of "overtime compensation," "liquidated damages in an equal amount," and interest.

Wood and Jones filed a motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), asserting that they are entitled to the same sovereign immunity enjoyed by Eastern State Hospital as an agency of the Commonwealth of Virginia. They noted that the complaint centers on their official authority to direct and control employees, such as Martin, with respect to their hours and wages and that it fails to allege that they acted in an ultra vires manner against Martin or that they acted to serve any personal interest. Thus, they claimed that, because their conduct was "tied inextricably to their official duties," they had the same sovereign immunity as did the Hospital, relying on Lizzi v. Alexander, 255 F.3d 128, 136 (4th Cir. 2001), overruled in part on other grounds by Nevada Department of Human Resources v. Hibbs, 538 U.S. 721 (2003).

The district court denied Wood and Jones' motion, explaining:

5

> [T]he Complaint alleges significant intentional misconduct committed by Mr. Wood and Ms. Jones. The FLSA claims are unquestionably directed against Mr. Wood and Ms. Jones in their individual capacities.
>
> In sum, Ms. Martin's Complaint, on its face, states FLSA claims against Mr. Wood and Ms. Jones in their individual capacities. Sovereign immunity is inapplicable to such claims. See Hafer [v. Melo, 502 U.S. 21, 31 (1999)].

Wood and Jones filed this interlocutory appeal, contending that the district court erred in denying them sovereign immunity. See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) (authorizing interlocutory appeals from orders denying Eleventh Amendment immunity).

II

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The term "employer" is defined to include "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency." Id. § 203(d).

Martin concedes that Eastern State Hospital, as an agency of the Commonwealth of Virginia, has sovereign immunity from damages claims brought under the FLSA by reason of the Eleventh

6

Amendment.[*] In addition, she concedes that sovereign immunity from such claims also extends to "state officers acting in their official capacity." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 609 n.10 (2001) (citing Edelman v. Jordan, 415 U.S. 651 (1974)). And while a State may, by an unequivocal expression, waive its sovereign immunity, Martin acknowledges that Virginia has not done so. See Commonwealth v. Luzik, 524 S.E.2d 871, 878 (Va. 2000). She also acknowledges that while Congress can abrogate Eleventh Amendment immunity with respect to rights protected by the Fourteenth Amendment, it did not do so in the FLSA. See Abril v. Virginia, 145 F.3d 182, 189-91 (4th Cir. 1998). Rather, she justifies the court's jurisdiction over her complaint on the fact that sovereign immunity does not extend to suits against state officials who are sued in their individual capacities. See Hafer v. Melo, 502 U.S. 21, 31 (1991); Suarez Corp. v. McGraw, 125 F.3d 222, 229 (4th Cir. 1997) (citing Hafer, 502 U.S. at 31). As Martin candidly states, "[i]t is for this exact

---

[*] The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. And the Amendment has been construed to withdraw jurisdiction over any suit brought against an unconsenting State in federal court by its own citizens. See Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); Booth v. Maryland, 112 F.3d 139, 141 (4th Cir. 1997).

7

reason that [she] took care in drafting the Complaint, identifying and setting forth sufficient factual allegations to assert the claims against Appellants Wood and Jones only in their individual capacity." Thus, to avoid sovereign immunity, Martin did not sue Eastern State Hospital but rather only Wood and Jones, naming them only in their individual capacities.

Wood and Jones argue that Martin cannot circumvent the Eleventh Amendment by naming them as defendants in their individual capacities if, in reality, she is suing them for actions taken by them in their official capacities on behalf of Eastern State Hospital.

We begin the analysis by noting that "[w]hen [a] suit is brought only against state officials, a question arises as to whether that suit is a suit against the State itself." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 (1984). And in addressing this question, the Supreme Court has cautioned that allowing an action to proceed simply because the complaint names a state official in his or her individual capacity "would be to adhere to an empty formalism and to undermine the principle . . . that Eleventh Amendment immunity represents a real limitation on a federal court's federal-question jurisdiction." Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 270 (1997); see also Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 543 (1986); Lizzi, 255 F.3d at 137

8

("[T]he mere incantation of the term 'individual capacity' is not enough to transform an official capacity action into an individual capacity action").

Thus, the question presented in this case is whether Martin's complaint, which names Wood and Jones in their individual capacities, nonetheless effectively states a claim against the Commonwealth itself. Resolution of this issue requires us to look beyond the form of the complaint and the conclusory allegations against Wood and Jones to determine who is the "real, substantial party in interest." Pennhurst, 465 U.S. at 101 (quoting Ford Motor Co. v. Dep't of Treasury, 323 U.S. 459, 464 (1945)) (internal quotation marks omitted); see also Booth v. Maryland, 112 F.3d 139, 142 (4th Cir. 1997) ("Eleventh Amendment immunity also extends to state officials when they are merely the nominal defendants and 'the state is the real, substantial party in interest'" (quoting Ford, 323 U.S. at 464)).

To identify the real, substantial party in interest, we thus examine the substance of the claims stated in the complaint, positing inquiries such as: (1) were the allegedly unlawful actions of the state officials "tied inextricably to their official duties," Lizzi, 255 F.3d at 136; (2) if the state officials had authorized the desired relief at the outset, would the burden have been borne by the State, cf. Pennhurst, 465 U.S.

at 109 n.7; (3) would a judgment against the state officials be "institutional and official in character," such that it would operate against the State, id. at 108; (4) were the actions of the state officials taken to further personal interests distinct from the State's interests, id.; and (5) were the state officials' actions ultra vires, id. at 111; Lizzi, 255 F.3d at 136.

Here, Martin's complaint alleges that Eastern State Hospital, as Martin's employer, failed to compensate her for overtime because Wood and Jones refused to approve such compensation. It alleges further that Wood and Jones, Martin's supervisors, "exercised authority to establish and control [her] hours of work" at the Hospital and that, in the exercise of that authority, they "failed and refused to include [overtime hours] in the computation of Martin's weekly wages," in violation of the FLSA. Finally, it alleges that, in doing so, Wood and Jones "acted directly and indirectly in the interest of Eastern State Hospital." The complaint includes no allegation that, in so acting, Wood and Jones acted in an ultra vires manner or attempted to serve personal interests distinct from the Hospital's interests.

Examining Martin's complaint in light of the stated factors, we conclude that virtually every factor indicates that Wood and Jones are being sued in their official capabilities.

10

Martin's complaint alleges that Wood and Jones had authority to authorize overtime pay and refused to do so and that, if they had authorized overtime pay, it would have been funded by Eastern State Hospital. The inevitable conclusion follows that Wood and Jones' actions were "inextricably tied" to their official duties at the Hospital. In these circumstances, we hold that Virginia is the real party in interest, see Pennhurst 465 U.S. at 101; Lizzi, 255 F.3d at 136, and that sovereign immunity -- grounded in the Eleventh Amendment -- requires dismissal of the suit, Lizzi, 255 F.3d at 138; Booth, 112 F.3d at 142.

Accordingly, we reverse the district court's order denying Wood and Jones' motion to dismiss based on sovereign immunity and remand with instructions to dismiss the complaint.

IT IS SO ORDERED.