**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2075**

KERNAN MANION, M.D.,

Plaintiff - Appellant,

v.

NORTH CAROLINA MEDICAL BOARD; NORTH CAROLINA PHYSICIANS
HEALTH PROGRAM, INC.; NORTH CAROLINA MEDICAL SOCIETY;
WARREN PENDERGAST, M.D., in his individual and official capacity; R. DAVID
HENDERSON, in his individual and official capacity; SCOTT G. KIRBY, M.D., in
his individual and official capacity; PASCAL UDEKWU, M.D., in his individual
and official capacity; CHERYL WALKER-MCGILL, M.D., in her individual
capacity; PAUL S. CAMNITZ, M.D., in his individual capacity; WILLIAM A.
WALKER, M.D., in his individual capacity; RALPH C. LOOMIS, M.D., in his
individual capacity; JANICE E. HUFF, M.D., in her individual capacity; DAVID D.
COLLINS, M.D., in his individual capacity; GREGORY W. TAYLOR, M.D., in his
individual and official capacity,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at
Raleigh. Terrence W. Boyle, District Judge. (5:16-cv-00063-BO)

Submitted: May 10, 2017                                    Decided: June 8, 2017

Before WILKINSON, TRAXLER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kernan Manion, Appellant Pro Se. Paul Mason Cox, Matthew Woodruff Sawchak, Thomas Hamilton Segars, ELLIS & WINTERS, LLP, Raleigh, North Carolina; Lorin J. Lapidus, Grover Gray Wilson, WILSON & HELMS LLP, Winston-Salem, North Carolina; John Michael Durnovich, POYNER SPRUILL LLP, Charlotte, North Carolina; Andrew Harry Erteschik, POYNER SPRUILL LLP, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kernan Manion filed a complaint against the North Carolina Medical Society ("Medical Society"), the North Carolina Medical Board ("Medical Board"), the Physicians Health Program, Inc. ("PHP"), and Defendants affiliated with the Medical Board and PHP in their official and individual capacities. Manion alleged several causes of action against Defendants in relation to his inactivation of, and alleged inability to reinstate, his medical license. The district court granted Defendants' Fed. R. Civ. P. 12(b)(1) and (6) motions to dismiss Manion's claims. We affirm.

We review de novo a district court's dismissal of a complaint under Fed. R. Civ. P. 12(b)(6), accepting factual allegations in the complaint as true and "draw[ing] all reasonable inferences in favor of the [nonmoving party]." *Kensington Volunteer Fire Dep't v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012) (internal quotation marks omitted). To survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). We also review de novo a district court's dismissal under Rule 12(b)(1). *Willner v. Dimon*, 849 F.3d 93, 103 (4th Cir. 2017). A district court should dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (internal quotation marks omitted).

I.

Manion alleged against the Medical Society, among other Defendants, 42 U.S.C. § 1983 (2012) claims for procedural due process, substantive due process, and Fourth Amendment violations; a 42 U.S.C. § 1985 (2012) claim for conspiracy to interfere with civil rights; a claim pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213 (2012); and claims for intentional and negligent infliction of emotional distress. The district court determined that Manion failed to allege facts to support his conclusion that the Medical Society was liable for any wrongdoing. For the reasons stated by the district court, we conclude that Manion has failed to state a claim for which relief could be granted against the Medical Society. We therefore affirm the district court's dismissal of all counts against the Medical Society.

II.

The district court determined that the two-year statute of limitations applicable to Manion's ADA claim barred the claim. On appeal, Manion does not argue that the district court applied an incorrect statute of limitations, and we conclude that the district court was correct that the statute of limitations on Manion's ADA claim was two years. Instead, Manion argues that the district court erred in determining when he became aware of the alleged discriminatory practice. We will grant a motion to dismiss based on a statute-of-limitations defense "only if the time bar is apparent on the face of the complaint." *Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017) (internal quotation marks omitted). For the reasons stated by the district court, we conclude that Manion did

4

not file his claim for violation of the ADA until after the statute of limitations had run. Accordingly, we affirm the district court's dismissal of that claim.

III.

A.

Under the Eleventh Amendment, states, state agencies, and state officials sued in their official capacities are immune from suit. U.S. Const. amend. XI; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-02 (1984). Eleventh Amendment immunity "withdraw[s] jurisdiction" over a suit and mandates dismissal. *Martin v. Wood*, 772 F.3d 192, 193 (4th Cir. 2014). However, the Eleventh Amendment does not bar actions for prospective injunctive relief against state officials sued in their official capacities. *Ex parte Young*, 209 U.S. 123, 159-60 (1908). "[I]n determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011) (internal quotation marks omitted).

For the reasons stated by the district court, we conclude that the Eleventh Amendment bars Manion's claims against the Medical Board and its affiliated Defendants in their official capacities for damages and to undo the revocation of Manion's license. However, Manion also alleged that the Medical Board-affiliated Defendants have continued to violate his constitutional rights by refusing to consider his application for reinstatement of his medical license unless he submits to another PHP evaluation. Manion

5

seeks an injunction ordering the Medical Board to dispense with that prerequisite. We conclude that this is prospective injunctive relief that falls under the *Ex parte Young* exception and, therefore, that the Eleventh Amendment does not bar Manion's claim for such relief against the Medical Board-affiliated Defendants in their official capacities.

B.

Manion claims that the Medical Board Defendants, acting in their official capacities, violated his procedural due process, substantive due process, and Fourth Amendment rights. "[T]o state a claim for failure to provide [procedural] due process, a plaintiff must have taken advantage of the processes that are available to him . . ., unless those processes are . . . patently inadequate." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). In this case, if Manion had submitted to the PHP evaluation, the evaluator determined that Manion was not competent to practice medicine, and the Medical Board adopted that recommendation, then Manion could have requested a formal hearing before the Medical Board. *See* N.C. Gen. Stat. § 90-14.2 (2015). Manion also could appeal an unfavorable decision to the appropriate superior court. *See id.* § 90-14.8, 90-14.11 (2015). Accordingly, we conclude that Manion failed to take advantage of the process available to him and, therefore, that his claim fails.

To establish a substantive due process violation, Manion must demonstrate that Defendants' conduct was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998), *abrogated on other grounds by Saucier v. Katz*, 533 U.S. 194 (2001). "[C]onduct intended

6

to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *Id.* at 849. We have recognized that states have an important interest in regulating physicians who provide medical care to their citizens. *Harper v. Pub. Serv. Comm'n of W. Va.*, 396 F.3d 348, 353 (4th Cir. 2005). Given the State's significant interest in regulating the medical care provided to its citizens, we conclude that the Medical Board's insistence that Manion receive another PHP evaluation before his license is reinstated does not shock the conscience. Therefore, Manion's substantive due process claim fails.

In his Fourth Amendment claim, Manion alleged that the PHP evaluation constituted an unreasonable search. We conclude that this claim is only properly raised against Pendergast and PHP because Manion did not allege that any Medical Board-affiliated Defendant took part in the evaluation. We further conclude that, even if Manion had sufficiently alleged a Fourth Amendment claim against the Medical Board-affiliated Defendants in their official capacities, the relief sought is purely retrospective and would therefore not fall within the *Ex parte Young* exception to Eleventh Amendment immunity. Accordingly, we affirm the district court's dismissal of Manion's § 1983 claims against the Medical Board and its affiliated Defendants in their official capacities. We further affirm the district court's dismissal of the claims against PHP and its affiliated Defendants in their official capacities for the reasons stated by the district court.

7

IV.

We similarly affirm the district court's dismissal of the claims against the Medical Board Defendants in their individual capacities for the reasons stated by the district court. Although we conclude that the PHP Defendants in their individual capacities are not entitled to quasi-judicial immunity because Manion's complaint alleged that they had not taken part in a peer review, Defendants Taylor and Collins are entitled to qualified immunity for the reasons stated by the district court.

V.

Finally, we conclude that the remaining § 1983, § 1985, negligent and intentional infliction of emotional distress, and medical malpractice claims against Pendergast are barred by their respective statutes of limitations. "It is well settled that [§ 1983 and § 1985] borrow the state's general personal injury limitations period . . . ." *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 187 (4th Cir. 1999). North Carolina's statute of limitations in personal injury cases runs three years after the claimant's harm "becomes apparent or ought reasonably to have become apparent to the claimant." N.C. Gen. Stat. § 1-52(16) (2015). The statutes of limitations for North Carolina claims of medical malpractice and both negligent and intentional infliction of emotional distress are also three years. *Glynne v. Wilson Med. Ctr.*, 762 S.E.2d 645, 649 (N.C. Ct. App. 2014) (negligent infliction of emotional distress); *Trexler v. Pollock*, 522 S.E.2d 84, 86 (N.C. Ct. App. 1999) (medical malpractice); *Ruff v. Reeves Bros., Inc.*, 468 S.E.2d 592, 596-97 (N.C. Ct. App. 1996) (intentional infliction of emotional distress). As discussed above, we

8

conclude that Manion knew of his harm in 2012 when he sought a restraining order in response to the Medical Board's order that he submit to an assessment at a treatment center. Manion filed his complaint on February 8, 2016, more than three years after he learned of his claims. Thus, the district court properly dismissed these claims.

We affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*