**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-1902**

---

CHRISTINE GIBBONS,

        Plaintiff – Appellee,

v.

BETTY ANN GIBBS, in her official capacity as Secretary of the Lynchburg Electoral Board, and in her personal capacity; STEVEN TROXEL, in his official capacity as Vice Chair of the Lynchburg Electoral Board, and in his personal capacity,

        Defendants – Appellants,

and

THE ELECTORAL BOARD OF THE CITY OF LYNCHBURG,

        Defendant.

---

**No. 23-2254**

---

CHRISTINE GIBBONS,

        Plaintiff – Appellee,

v.

BETTY ANN GIBBS, in her official capacity as Secretary of the Lynchburg Electoral Board, and in her personal capacity; STEVEN TROXEL, in his official capacity as Vice Chair of the Lynchburg Electoral Board, and in his personal capacity,

        Defendants – Appellants,

and

THE ELECTORAL BOARD OF THE CITY OF LYNCHBURG,

      Defendant.

---

Appeals from the United States District Court for the Western District of Virginia, at Lynchburg. Robert S. Ballou, District Court Judge. (6:23-cv-00035-RSB; 6:23-cv-00035-RSB-CKM)

---

Argued: March 22, 2024                        Decided: April 19, 2024

---

Before QUATTLEBAUM and HEYTENS, Circuit Judges, and M. Hannah LAUCK, United States District Judge for the Eastern District of Virginia, sitting by designation.

---

Orders affirmed by published opinion. Judge Heytens wrote the opinion, which Judge Quattlebaum and Judge Lauck joined.

---

**ARGUED:** David Patrick Corrigan, HARMAN CLAYTOR CORRIGAN & WELLMAN, Glen Allen, Virginia, for Appellants. Stephen B. Pershing, KALIJARVI, CHUZI, NEWMAN & FITCH, P.C., Washington, D.C., for Appellee. **ON BRIEF:** Maurice S. Fisher, Jr., Blaire H. O'Brien, HARMAN CLAYTOR CORRIGAN & WELLMAN, Richmond, Virginia, for Appellants.

---

2

TOBY HEYTENS, Circuit Judge:

When a panel of this Court decides a legal issue in a published opinion, that ruling is binding on all future panels and district courts within this circuit unless it is abrogated by the Supreme Court or by an en banc decision of this Court. That rule does not disappear just because a future litigant identifies a fact, theory, or line of argument the previous panel could have but did not consider. Applying those principles here, we affirm the district court's denial of the appellants' motions to dismiss.

I.

This case involves the appointment of a general registrar of elections in Lynchburg, Virginia. Under Virginia law, elections are overseen locally by three-member electoral boards consisting of one Democrat, one Republican, and one member of the party of the sitting governor. Va. Code § 24.2-106(A). Each board appoints a general registrar. § 24.2-110. Boards may remove registrars who "fail to . . . maintain certification" or "fail[ ] to discharge the duties of [their] office." § 24.2-109(A)(i). Registrars may not, however, be removed because of their political affiliation—nor may a board "fail[ ] to reappoint" an incumbent registrar on such a basis. *McConnell v. Adams*, 829 F.2d 1319, 1322 (4th Cir. 1987).

Plaintiff Christine Gibbons was appointed as registrar in 2018. The board that appointed Gibbons included two Democrats and one Republican, but the vote was unanimous.

Gibbons' most recent term expired in 2023. At that point, the board had two Republican members and one Democratic member. Before Gibbons' term expired, the

3

board told her it would be accepting applications for her position and that she would have to reapply if she wanted to be considered. Gibbons reapplied, but the two Republican members voted to appoint a different candidate who was a registered Republican.

Gibbons responded by suing the board and its two Republican members, alleging the decision not to reappoint her was based on her political affiliation and violated the First Amendment. As relief, Gibbons sought a declaratory judgment, injunctive relief, money damages, and attorneys' fees.

The defendants moved to dismiss the complaint in two motions that—read together—asserted that sovereign immunity barred all of Gibbons' claims. The district court agreed in part and disagreed in part. The court dismissed Gibbons' claims against the board itself as barred by sovereign immunity, and Gibbons has not appealed that ruling. But the court denied the individual board members' motions to dismiss in two orders, concluding that the board members could be sued for equitable relief in their official capacities and for damages in their personal capacities.

The board members appealed both orders, and we consolidated the appeals. We have jurisdiction over the board members' appeals under the collateral order doctrine. See *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993). "[T]he existence of sovereign immunity is a question of law that we review de novo." *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002).

## II.

We reject the board members' argument that sovereign immunity bars Gibbons' claims for declaratory and injunctive relief against them in their official capacities. True,

4

"[s]uits against state officials in their official capacity" are "treated as suits against the State" and are thus barred by sovereign immunity to the extent that they seek monetary relief. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). But there is also a well-settled corollary—associated with *Ex parte Young*, 209 U.S. 123 (1908)—that allows suits "for declaratory or injunctive relief against state officers in their official capacities." *Reed v. Goertz*, 598 U.S. 230, 234 (2023).

The board members contend the *Ex parte Young* doctrine does not apply here because neither of them standing alone had the ability to prevent Gibbons from being reappointed as registrar and neither has the unilateral power to reinstate her to that position. Instead, the board members say that "[r]einstatement would require that action be taken by the Board as a whole." 23-1902 Appellants Br. 8. The board members cite various decisions they claim hold that sovereign immunity applies in such circumstances and urge us to follow suit. See 23-1902 Appellants Reply Br. 2 (citing *Barnett v. University of N.M. Bd. of Regents*, 562 Fed. Appx. 692, 693 (10th Cir. 2014); *Stewart v. Nottoway Cnty.*, No. 3:22-cv-00635, 2023 WL 4849936, at *8 (E.D. Va. July 28, 2023); *Caldwell v. Nottoway Cnty.*, No. 3:22-cv-00636, 2023 WL 4850156, at *9 (E.D. Va. July 28, 2023)).

We decline the board members' invitation. The reason is not that we conclude the argument is wrong—though we do not conclude it is right, either. Instead, it is because we lack the authority to accept the board members' argument regardless of its merit.

More than 35 years ago, a published opinion of this Court affirmed a district court's grant of the same relief Gibbons seeks under circumstances materially identical to those presented here. There, as here, former Virginia registrars sued individual board members,

5

alleging they had not been reappointed "solely because" of their political affiliation. *McConnell*, 829 F.2d at 1322. There, as here, the former registrars sought injunctive relief against the board members in their official capacities. See *id.* The district court ordered the defendants to reinstate the registrars, and this Court affirmed. See *id.* at 1329. Citing *Ex parte Young*, the Court rejected the notion that "the state's eleventh amendment immunity" prevented the district court from "requiring the" individual board members to "rehire" the former registrars. *Id.* at 1329–30.

The board members insist *McConnell* does not control here because the Court's opinion did not discuss "the specific question of whether the *Ex parte Young* exception applies when the authority to act rests entirely with a board as a whole rather than with individual members." 23-1902 Appellants Br. 16. That is both true and irrelevant. Few—if any—judicial opinions reflect on and reject every conceivable counterargument, and "the rule that one panel cannot overrule" another would be weak tea indeed if all a later panel had to do was identify a fact, theory, or argument a previous panel did not address. *McMellon v. United States*, 387 F.3d 329, 356 (4th Cir. 2004) (en banc). To be sure, not "everything said in a panel opinion binds future panels," and the line between holding and dicta is notoriously elusive. *Payne v. Taslimi*, 998 F.3d 648, 654 (4th Cir. 2021). But if stare decisis means anything, it means a future court lacks the authority to say a previous court was wrong about how it resolved the actual legal issue before it. And that is exactly what the board members are asking us to do here because—as they acknowledged at oral argument—there is no way we could adopt their proposed rule without saying *McConnell* wrongly affirmed the grant of injunctive relief in that case. See Oral Arg. 2:30–3:22.

6

The board members do not identify a "subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court" that abrogates *McConnell*. *United States v. Collins*, 415 F.3d 304, 311 (4th Cir. 2005). They also do not assert that the legal framework for appointing and reappointing registrars in Virginia has changed in any material way since *McConnell* was decided. *McConnell* thus remains binding. And, under *McConnell*, individual members of Virginia electoral boards may be sued in their official capacities for equitable relief under *Ex parte Young*.

### III.

We also reject the board members' assertion that Gibbons' damages claims against them are barred by sovereign immunity. Neither the Eleventh Amendment nor the broader doctrine of state sovereign immunity it reflects forbids "suits to impose individual and personal liability on state officials" under [42 U.S.C.] § 1983." *Hafer*, 502 U.S. at 31 (quotation marks removed). But the board members insist that Gibbons' claims for damages against them are different because here the Commonwealth of Virginia is the "real, substantial party in interest." 23-2254 Appellants Br. 11 (quotation marks removed). That argument fails to convince.

The board members rely mainly on *Martin v. Wood*, 772 F.3d 192 (4th Cir. 2014). In *Martin*, this Court held that a suit alleging violations of the Fair Labor Standards Act by state officials "in their individual capacities" was really a suit against the Commonwealth of Virginia and was thus barred by sovereign immunity. *Id.* at 193 (emphasis removed). The Court reached that conclusion after announcing and applying a five-factor test to determine "the real, substantial party in interest." *Id.* at 196.

7

So far, so good for the board members. But now comes the problem. Gibbons' suit is not an action under the FLSA—it is a suit under 42 U.S.C. § 1983. And in *Adams v. Ferguson*, 884 F.3d 219 (4th Cir. 2018), this Court specifically considered, and specifically rejected, the argument that "the *Martin* factors" "apply to [Section] 1983 claims." *Id.* at 226. The Court explained that the FLSA and Section 1983 are "very different statute[s]," and it concluded that applying the *Martin* factors to Section 1983 claims would stray from the Supreme Court's decision in *Hafer* and "undermine the very purpose of [Section] 1983." *Id.*

The board members note that *Adams* "is factually distinguishable" from this case. 23-2254 Appellants Br. 12. Once again, that is true but irrelevant. Faced with an argument that it should apply the *Martin* factors in the case before it, *Adams* declined to do so, and the only reason the Court gave had nothing to do with the facts of Roxanne Adams' individual case. Instead, the *Adams* Court announced and applied a general rule: "[T]he *Martin* factors," it held, do not "apply to" actions under Section 1983—full stop. 884 F.3d at 226. So, once again, principles of stare decisis preclude us from adopting the board members' argument that—contra *Adams*—the *Martin* factors really do apply in some Section 1983 cases.[*]

Finally, the board members cursorily assert that, even under *Adams*, Gibbons' claims are still barred because her complaint fails "to truly distinguish between" her claims

---

[*] The board members assert we "should follow" a post-*Adams* district court decision that applied the *Martin* factors in analyzing a case under Section 1983. 23-2254 Appellants Br. 19 (citing *Stewart*, 2023 WL 4849936, at *8). For reasons that should be clear by now, we may not and do not do so.

against the board members in their personal and official capacities. 23-2254 Appellants Br. 18. We disagree. Fairly read, the complaint makes clear that Gibbons' request for damages from the board members applies only if the board members "are proven at trial to have engaged in the violations . . . in their personal capacities," and that Gibbons seeks to hold them liable "as individuals." 23-1902 JA 21. That is precisely what the Supreme Court's precedent and our own permits. See *Hafer*, 502 U.S. at 28; *Adams*, 884 F.3d at 25–26. Indeed, this Court has stated that "a plaintiff's request for compensatory . . . damages" in a Section 1983 suit may itself be evidence that a state officer is being sued in their personal capacity "since such relief is unavailable in official capacity suits." *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995).

\*      \*      \*

Cases involving the intersection of sovereign immunity, Section 1983, and the *Ex parte Young* doctrine can pose difficult legal questions. But one benefit of stare decisis is we need only answer those questions once. See, *e.g.*, Benjamin N. Cardozo, *The Nature of the Judicial Process* 149 (1921) (noting that the "labor of judges would be increased almost to the breaking point if every past decision could be reopened in every case, and one could not lay one's own course of bricks on the secure foundation of the courses laid by others who had gone before"). The district court's orders are therefore

*AFFIRMED*.