**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1114

SOUTHEASTERN PUBLIC SAFETY GROUP, INC., d/b/a SouthEastern Company Police,

Plaintiff – Appellant,

v.

RANDY MUNN, in his individual and his official capacity as the North Carolina Company Police Administrator; NORTH CAROLINA CRIMINAL JUSTICE EDUCATION AND TRAINING STANDARDS COMMISSION; RICHARD SQUIRES, Individually and in his official capacity as Deputy Director of Recertifications for North Carolina Criminal Justice Training Division; CHRISTY THAXTON, Individually and in her official capacity as Business Opportunity and Workplace Development Manager of the Civil Rights Division of the North Carolina Department of Transportation,

Defendants – Appellees,

and

ADAM TRANUM; CAPITAL SPECIAL POLICE, LLC,

Defendants.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:20-cv-00203-FDW-DCK)

Argued:  December 5, 2023                    Decided:  October 30, 2024

Before GREGORY, RICHARDSON, and RUSHING, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished opinion. Judge Rushing wrote the opinion, in which Judge Gregory and Judge Richardson joined.

———————————

**ARGUED:** Cynthia Earline Everson, EVERSON LAW OFFICE PLLC, Concord, North Carolina, for Appellant. James Wellner Doggett, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees. **ON BRIEF:** Joshua H. Stein, Attorney General, Zachary W. Ezor, Solicitor General Fellow, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees. Erika N. Jones, Assistant Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees Randy Munn, Richard Squires, and the North Carolina Criminal Justice Education and Training Standards Commission. Thomas H. Moore, Assistant Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellee Christy Thaxton.

———————————

Unpublished opinions are not binding precedent in this circuit.

RUSHING, Circuit Judge:

Southeastern Public Safety Group, Inc. appeals the district court's dismissal of its claims against the North Carolina Criminal Justice Education and Training Standards Commission and three North Carolina officials for lack of subject matter jurisdiction. We affirm the dismissal of Southeastern's claims against the Commission and the officials in their official capacities because the district court correctly concluded that they are entitled to Eleventh Amendment immunity. But we vacate in part and remand for the district court to address in the first instance Southeastern's claims against the officials in their individual capacities.

I.

Southeastern is a corporation certified to provide private law enforcement services in North Carolina. This lawsuit arises out of Southeastern's agreement to provide subcontracted, private law enforcement services for the North Carolina Department of Transportation's (NCDOT) construction project on Interstate 77.

In 2016, Southeastern contracted with Sugar Creek Construction, LLC to provide policing services while Sugar Creek completed construction work on the I-77 project. In accordance with that agreement, Southeastern's private police officers used marked vehicles with flashing blue lights to control traffic around the construction zones, typically performing nighttime rolling roadblocks and lane closures. Work allegedly went smoothly until March 2017, when Adam Tranum of Capitol Special Police, LLC—a rival private law enforcement contractor—spotted Southeastern at work. Tranum reported Southeastern to Randy Munn, the Company Police Administrator for the North Carolina Department of

3

Justice (NCDOJ), suggesting that Southeastern might be violating state law by controlling traffic on the interstate.

Within days, Munn investigated the allegation and ordered Southeastern to stop its work on the project. Over the following weeks, Munn forwarded Southeastern's subcontracting agreement with Sugar Creek to Richard Squires, the Deputy Director of Recertifications for the Criminal Justice Standards Division at NCDOJ, and to North Carolina Assistant Attorney General Whitney Belich. Belich agreed with Munn that, under North Carolina law, Southeastern did not have authority to control traffic on the interstate. Munn allegedly forwarded Belich's email to that effect to Southeastern after deleting a disclaimer stating it was not an official Attorney General opinion. However, in July 2017, Belich purportedly reversed course and advised Munn to inform Southeastern that the NCDOJ would not take action if its officers resumed work on the interstate. Munn allegedly informed Squires, but not Southeastern, about Belich's advice.

Meanwhile, Southeastern had contacted the NCDOT's Civil Rights Division for assistance. At the time, Southeastern was the only Disadvantaged Business Enterprise (DBE) operating on federally funded NCDOT projects. The Civil Rights Division assigned Christy Thaxton to Southeastern's case, and she met with Munn, Squires, and others. After that meeting, Thaxton informed Southeastern that it could not perform contract law enforcement for Sugar Creek on I-77.

Southeastern sued Munn, Squires, Thaxton, and the Commission in federal court, alleging violations of its constitutional rights to equal protection and procedural due process (via 42 U.S.C. § 1983), civil conspiracy in violation of state law and 42 U.S.C.

4

§ 1985, tortious interference with contract, fraud, and unfair and deceptive trade practices.[*]

Although Southeastern's complaint sued Munn, Squires, and Thaxton in both their official and individual capacities, the district court concluded from the substance of the allegations that Southeastern sued those Defendants only in their official capacities. The district court then granted the Defendants' motions to dismiss the complaint for lack of subject matter jurisdiction, reasoning that Eleventh Amendment immunity covered the Commission and the individual Defendants in their official capacities and that no exception to immunity applied. Southeastern appealed, and we have jurisdiction to review the district court's final order. *See* 28 U.S.C. § 1291. Our review is de novo. *See Rich v. United States*, 811 F.3d 140, 144 (4th Cir. 2015).

## II.

We begin with whether Southeastern has alleged claims against Munn, Squires, and Thaxton in their individual capacities. The Defendants on appeal concede that Southeastern has done so, recanting their contrary position before the district court. As the Defendants now recognize, we have held that the multifactor test of *Martin v. Wood*, 772 F.3d 192 (4th Cir. 2014), on which the district court relied, does not apply to actions under Section 1983. *See Adams v. Ferguson*, 884 F.3d 219, 225–226 (4th Cir. 2018); *see also Gibbons v. Gibbs*, 99 F.4th 211, 215–216 (4th Cir. 2024). The district court therefore erred in applying *Martin* to Southeastern's complaint. Accordingly, we vacate the district court's

---

[*] Southeastern also sued Tranum and Capitol Special Police but has not appealed the district court's dismissal of all claims against them. Nor has Southeastern appealed the district court's dismissal of its alternative claims under the North Carolina Constitution for failure to state a claim.

judgment insofar as the court held that Southeastern had not sued Munn, Squires, or Thaxton in their individual capacities. We remand the case for the district court to evaluate the individual capacity claims under the correct legal standard.

III.

Turning to Southeastern's claims against the Commission and the individual Defendants in their official capacities, we affirm the district court's dismissal. The Eleventh Amendment generally bars suits against nonconsenting States in federal court. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). That immunity extends to suits against state officials in their official capacities because such suits are "no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). On appeal, Southeastern proposes six reasons why Eleventh Amendment immunity doesn't apply here, but we reject each one.

First, Southeastern cites a paragraph of the complaint alleging that "the NCDOJ and NCDOT have waived any sovereign immunity for civil liability in tort." J.A. 77. "[A] waiver of sovereign immunity must be unequivocally expressed in statutory text" and "[a]ll ambiguities in the statutory text must be construed in favor of immunity." *Peck v. United States Dep't of Lab.*, 996 F.3d 224, 229 (4th Cir. 2021) (internal quotation marks omitted). In the North Carolina Tort Claims Act, North Carolina has waived its sovereign immunity for negligence claims brought in the state Industrial Commission. *See* N.C. Gen. Stat. § 143-291; *Guthrie v. N.C. State Ports Auth.*, 299 S.E.2d 618, 625 (N.C. 1983) ("The State may be sued in tort only as authorized in the Tort Claims Act."). That limited waiver does not extend to this suit in federal court. *See Atascadero State Hosp. v. Scanlon*, 473 U.S.

6

234, 241 (1985) ("[I]n order for a state statute . . . to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal court*.").

Second, Southeastern cites a portion of its complaint alleging that "the NCDOJ and NCDOT have waived any governmental immunity . . . through the purchase of liability insurance." J.A. 76. As the district court explained, Southeastern appears to confuse county and municipal immunity with state immunity. Local governments in North Carolina waive "governmental immunity" by purchasing liability insurance. *See* N.C. Gen. Stat. §§ 153A-435, 160A-485. No analogous statute applies to the State itself, and North Carolina courts have rejected the argument that purchasing liability insurance waives the State's sovereign immunity. *See*, *e.g.*, *Green v. Kearney*, 690 S.E.2d 755, 764 (N.C. Ct. App. 2010); *see also Sossamon v. Texas*, 563 U.S. 277, 284 (2011) ("Waiver may not be implied.").

Third, Southeastern asserts it has sufficiently alleged a waiver of Eleventh Amendment immunity "by the NCDOT's receipt of federal funds." Opening Br. 15. "[A] State may waive its immunity by voluntarily participating in a federal spending program provided that Congress has expressed a clear intent to condition participation . . . on a State's consent to waive its constitutional immunity." *Madison v. Virginia*, 474 F.3d 118, 129 (4th Cir. 2006) (internal quotation marks omitted); *see also Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 495 (4th Cir. 2005) ("[A] condition on federal spending must be clearly and unambiguously expressed so that the State accepting federal funds can be certain of its obligations upon receipt of such funds."). Southeastern

does not identify any statute that satisfies this congressional intent requirement. It relies entirely on a U.S. Department of Transportation regulation stating that a recipient of federal funds under the DBE program "must implement appropriate mechanisms to ensure compliance . . . by all program participants (e.g., applying legal and contract remedies available under Federal, State, and local law)." 49 C.F.R. § 26.37(a). Overlooking that this regulation is not an act of Congress, it falls far short of clearly conditioning receipt of federal funds on a State's waiver of Eleventh Amendment immunity. *Cf. Madison*, 474 F.3d at 131 (holding that a statute's reference to "appropriate relief against a government" is not "the unequivocal textual expression necessary to waive State immunity from suits for damages").

Fourth, and relatedly, Southeastern argues that Congress abrogated the State's Eleventh Amendment immunity through the DBE program, relying on the same Department of Transportation regulation. "Congress may abrogate the States' Eleventh Amendment immunity, but only by stating unequivocally its desire to do so and only pursuant to a valid exercise of constitutional authority." *Constantine*, 411 F.3d at 484. The regulation on which Southeastern relies is neither an unequivocal abrogation of Eleventh Amendment immunity nor an act of Congress and therefore does not satisfy this standard.

Fifth, Southeastern suggests that North Carolina does not retain its Eleventh Amendment immunity because it acted in a proprietary, as opposed to governmental, capacity by interfering with Southeastern's subcontract with Sugar Creek. But a State does not constructively waive its immunity by engaging in conduct "that is undertaken for profit, that is traditionally performed by private citizens and corporations, and that otherwise

8

resembles the behavior of 'market participants.'" *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 684 (1999). And the North Carolina Supreme Court has emphasized that the "State's sovereign immunity applies to both its governmental and proprietary functions." *Evans v. Hous. Auth. of City of Raleigh*, 602 S.E.2d 668, 670 (N.C. 2004). While the State "implicitly consents to be sued for damages" in state court "in the event it breaches" a valid contract, *Smith v. State*, 222 S.E.2d 412, 424 (N.C. 1976), Southeastern has not alleged a claim for breach of contract.

Sixth, in a single sentence in its opening brief, Southeastern asserts that the Commission is "not an arm of the State" but is "made up of active market competitors who were in direct competition with Plaintiff for work on DOT projects." Opening Br. 20. Presumably, Southeastern seeks to invoke caselaw addressing whether governmental entities are entitled to Eleventh Amendment immunity as an arm of the State. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429–430 (1997). "We evaluate four non-exclusive factors when considering whether a state-created entity functions as an arm of its creating state." *U.S. ex rel. Oberg v. Penn. Higher Educ. Assist. Agency*, 804 F.3d 646, 650–651 (4th Cir. 2015). Southeastern has made no argument on appeal about these factors nor cited any pertinent authorities; it has therefore waived this contention. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument . . . by failing to develop [it]—even if [its] brief takes a passing shot at the issue." (internal quotation marks omitted)); *Edwards v. City of Goldsboro*, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (concluding that failure to comply with Federal Rule of Appellate Procedure 28(a)(8)(A) regarding any claim "triggers abandonment of that claim on appeal").

Finally, we note an argument that Southeastern does *not* make on appeal. "A well-recognized exception" to Eleventh Amendment immunity "allows suits against state officers for prospective equitable relief from ongoing violations of federal law." *Lytle v. Griffith*, 240 F.3d 404, 408 (4th Cir. 2001); *see Ex parte Young*, 209 U.S. 123, 156 (1908). Nowhere in its opening brief does Southeastern raise an argument about prospective equitable relief. "A party waives an argument by failing to present it in its opening brief . . . ." *Grayson O Co.*, 856 F.3d at 316. Although Southeastern devotes a paragraph of its reply brief to prospective equitable relief, that argument "do[es] not appear anywhere in its opening brief," and is therefore waived. *Id.*

\* \* \*

For the foregoing reasons, we affirm the district court's dismissal of Southeastern's complaint against the Commission and against Munn, Squires, and Thaxton in their official capacities. We vacate the district court's judgment regarding the claims against Munn, Squires, and Thaxton in their individual capacities and remand for further proceedings.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*